FOR THE WESTERN DISTRICT OF NORTH CAROLINA
IN THE UNITED STATES DISTRICT COURT

FILE No.: 1:11-cv-_____

DONNA L. BABSON,

    Plaintiff,

v.

HILLCREST FOODS, INC.
d/b/a/ WAFFLE HOUSE,

    Defendant.

COMPLAINT

NOW COMES the Plaintiff, complaining of the Defendant and alleges as follows:

## INTRODUCTION

1. This action is brought to remedy discrimination against the Plaintiff in the terms, conditions, and privileges of employment, and to recover damages suffered by Plaintiff as a result of retaliation for executing a Federal protected right and because of Plaintiff's association with a person of another race.

2. Plaintiff's Complaint is brought under Title VII of the Civil Rights Act of 1964 and under the Civil Rights Act of 1991, as now set forth in 42 U.S.C. § 2000e, *et seq*. and 42 U.S.C. § 1981A(b).

3. This action is based upon retaliation against Plaintiff in violation of 42 U.S.C.§ 2000e-3(a) because of her opposition to employment practices made unlawful by Title VII of the Civil Rights Act of 1964.

4. Plaintiff seeks monetary relief, compensatory damages, and punitive damages pursuant to 42 U.S.C. § 2000e, 42 U.S.C. § 1981A(b).

5. Plaintiff resides in Cleveland County, North Carolina.

6. Plaintiff filed a Charge of Discrimination against Defendant employer with the Equal Employment Opportunity Commission ("EEOC") on July 15, 2010, complaining of race discrimination because of Plaintiff's race (white) and Plaintiff's association with black males (EEOC charge number 430-2010-02545).

7. Plaintiff filed a Charge of Discrimination against Defendant employer with the EEOC on October 21, 2010, complaining of retaliation and race discrimination. EEOC charge number 430-2011-00242 attached as Exhibit 1.

8. On or about August 29, 2011, the EEOC issued to Plaintiff by mail a Notice of Right to Sue, which the Plaintiff received on Saturday, September 3, 2011, attached as Exhibit 2.

9. Plaintiff has complied fully with all prerequisites to jurisdiction in this Court under Title VII.

10. Jurisdiction of the Court is proper under §706(f)(3) of Title VII, 42 U.S.C. §2000e-5(f)(3).

11. The unlawful employment practices complained of herein occurred within North Carolina, and venue properly lies in the United States District Court for the Western District of North Carolina pursuant to §706(f)(3) of Title VII, 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

12. Plaintiff is a female citizen and resident of Cleveland County, North Carolina.

13. Defendant is a Georgia corporation, authorized to do business, and doing business in the State of North Carolina.

14. Defendant has employed more than 500 employees for each working day in each of the 20 or more calendar weeks in the current or preceding calendar year.

15. Defendant is engaged in an industry affecting commerce, as defined in §701 of Title VII, 42 U.S.C. § 2000e.

16. At all times relevant to this Complaint, Defendant employees acted as the agent of Defendant and within the course and scope of their employment and agency with respect to the acts complained of in this Complaint.

## STATEMENT OF FACTS

17. Plaintiff was employed by Defendant in various restaurant positions from on or about March 1984 until July 22, 2010.

18. Plaintiff filed a Race Discrimination Charge against the Defendant on July 15, 2010, EEOC charge number 430-2010-02545.

19. Plaintiff filed a Retaliation and Race Discrimination Charge against the Defendant on October 21, 2010, EEOC charge number 430-2011-00242.

20. On or about April 2010, Plaintiff's black Defendant Division Manager, Michael Carey ("Carey") was accused of a commissary shortage. At the time, Plaintiff was a Manager and defended Carey by telling Plaintiff's white Defendant Regional Manager, David Watson ("Watson") that Carey had no knowledge of the shortage. Watson was aware that the Plaintiff dated black men.

21. On June 28, 2010, Watson terminated Carey.

22. On July 3, 2010, at Defendant store #1826 at approximately 10:00 a.m., Watson offered Plaintiff seven (7) cases of Defendant's hamburger meat. Watson told Plaintiff that the restaurant is not getting to use it and to take the meat home to her kids.

23. Plaintiff stated to Watson that she did not need the meat and that her kids were fine and Plaintiff did not take the meat.

24. Plaintiff believes, based on her 25 years plus working relationship with the Defendant and her relationship with Watson, that if she had accepted the meat from Watson and taken the meat out the back of the store location, then Watson would have accused her of stealing and terminated her.

25. On July 4, 2010, Plaintiff was demoted by Watson from a manager to a cook. Defendant's stated reason was because Plaintiff allegedly had a cash shortage.

26. The Plaintiff was not written up and never provided any written disciplinary documentation from the Defendant with regard to the alleged shortage.

27. On July 6, 8, 9, and 10, 2010, the Plaintiff was allowed to work as a waitress for Defendant.

28. On July 10, 2010, Defendant Manager of North Tryon Store 337, Bert Jones ("Jones") told Plaintiff that she was instructed by Defendant District Manager Lakesha Carter ("Carter") to take Plaintiff "off the tables" and that Plaintiff could not wait the tables anymore. Defendant Division Manager, Phillip Herbert ("Herbert") also instructed Jones that Plaintiff was not allowed to wait tables.

29. On July 10, 2010, the Plaintiff told Jones and Carter that she was gong to go the EEOC and file a charge of discrimination against the Defendant.

30. Jones responded to the Plaintiff that she did not blame her.

31. Carter responded to the Plaintiff to "do what you have to do."

32. On July 11, 2010, the Plaintiff worked as a cook for the Defendant.

33. On July 14, 2010, the Plaintiff worked as a cook for the Defendant on the 3rd shift from 9:00 p.m. until 7:00 a.m., received her pay check and told Defendant Manager Lola "Mona" Bethea ("Mona") that she was filing a charge of race discrimination with the EEOC because she took up for Carey.

34. On July 15, 2010, the Plaintiff filed a charge of discrimination with the EEOC against the Defendant.

35. On July 15, 2010, the Plaintiff told Carter by telephone that she was filing a charge of discrimination with the EEOC against the Defendant.

36. On July 16, 2010, the Plaintiff told Jones at the North Tryon store that she had filed a charge of discrimination with the EEOC against the Defendant.

37. On July 21, 2010, the Plaintiff was scheduled to work for the Defendant beginning at 9:00 p.m. While the Plaintiff was driving to work, her car ran out of gasoline and broke down. The Plaintiff had no money and no phone to call Defendant. The Plaintiff spent the night in the car until a passing motorist provided assistance at about 6:30 a.m. on July 22, 2010.

38. On July 22, 2010, Plaintiff was able to call Carter at approximately 10:00 a.m. and explained to her what had happened and Carter stated to Plaintiff that she "knew what the deal was."

39. Plaintiff was scheduled to work on July 22, 2010, but was discharged by Carter and not allowed to work.

40. On July 22, 2010, Plaintiff called Bethea who could not put Plaintiff back on the schedule.

41. On July 22, 2010, Plaintiff called Herbert and left him a message but did not get a return telephone call.

42. The Defendant initially stated that it did not terminate Plaintiff's employment but that it was considered an automatic voluntary resignation as per the Associate Conduct Policy, rule number 19.

43. The Defendant's initially stated legitimate non-discriminatory reason for termination was because Plaintiff failed to report to work.

44. The Plaintiff had a history and pattern of being late to work, missing work and running out of gas in excess of twenty-five (25) years and the Defendant had a similar pattern of not enforcing its attendance policy with regard to the Plaintiff in excess of twenty-five (25) years with the exception of her termination on July 22, 2010.

45. The Defendant's assertions that is was proper to terminate Plaintiff for failing to report to work on July 22, 2010 is a ploy used by the Defendant to terminate Plaintiff in retaliation for filing charge of discrimination against the Defendant.

46. The job duties and functions which the Plaintiff performed continue to be performed by other employees of the Defendant.

47. The Defendant's assertions that it was proper to demote the Plaintiff on July 4, 2010 from a Manager to a cook for an alleged cash shortage is a ploy used by the Defendant to demote Plaintiff and try to get her to quit working because of her race (white) in association with a person of another race (black).

48. The actions of Defendant as set forth herein constitute retaliation against Plaintiff for the assertion of her right to be free from discrimination. Such retaliation is in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. §2000e-3(a).

49. The actions of Defendant as set forth herein constitute race discrimination in violation of the rights of Plaintiff secured by Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq.* (Title VII).

50. The actions of Defendant constitute unlawful, intentional discrimination within the meaning of the Civil Rights Act of 1991, 42 U.S.C. §1981A(a)(1).

51. Defendant engaged in discriminatory practices against Plaintiff with either malice or with reckless indifference to the federally protected rights of Plaintiff to be free from retaliation and race discrimination in the workplace, as set forth in 42 U.S.C. § 1981A(b)(1).

52. Plaintiff has suffered lost wages and benefits in an amount exceeding $10,000.00 as a proximate result of the conduct of Defendant as alleged herein.

53. Plaintiff has suffered compensatory damages in an amount exceeding $10,000.00 as a proximate result of the conduct of Defendant as alleged herein.

54. Plaintiff is entitled to recover punitive damages from Defendant in an amount exceeding $10,000.00 as a proximate result of the conduct of Defendant as alleged herein.

55. Plaintiff has been forced to incur attorney's fees in order to enforce her rights and is entitled to recover reasonable attorney's fees necessary for the prosecution of the action.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests the following relief:

1. That all issues of fact raised by this pleading by tried by a jury.

2. That the Court declare that the acts and practices complained of herein are in violation of Title VII of the 1964 Civil Rights Act.

3. The Plaintiff have and recover of Defendant for retaliation and race discrimination in violation of Title VII of the 1964 Civil Rights Act, compensatory damages, including but not

limited to loss of wages, back pay, loss of status, loss of reputation, emotional distress, inconvenience, value of benefits, interest, front pay, expenses, in an amount exceeding $10,000.00 and punitive damages in an amount exceeding $10,000.00.

4. That the Court award Plaintiff reasonable attorney's fees as provided by § 706(k) of Title VII, 42 U.S.C. § 2000e(6)(k).

5. That the Court direct Defendant to pay Plaintiff such interest as may be allowed by law.

6. That the costs of this suit be taxed against Defendant.

7. That the Court order such other and further relief as may be just, proper, and necessary to afford complete relief to Plaintiff.

This the 30th day of November, 2011.

/s/Todd J. Combs
Todd J. Combs
Attorney for Plaintiff
COMBS LAW, PLLC
108 Gateway Boulevard, Suite 206
Mooresville, NC 28117
Tel: 704-799-2662
Fax: 888-254-0111
Email: todd@combslaw.org

EEOC Form 5 (11/09)

# CHARGE OF DISCRIMINATION

This form is affected by the Privacy Act of 1974. See enclosed Privacy Act Statement and other information before completing this form.

| Charge Presented To: | Agency(ies) Charge No(s): |
|---|---|
| ☐ FEPA | |
| ☒ EEOC | 430-2011-00242 |

and EEOC

State or local Agency, if any

| Name (indicate Mr., Ms., Mrs.) | Home Phone (Incl. Area Code) | Date of Birth |
|---|---|---|
| Ms. Donna L. Babson | | 03-22-1968 |

Street Address: 604 Irene Ave, Kannapolis, NC 28083

City, State and ZIP Code

EXHIBIT "I"

Named is the Employer, Labor Organization, Employment Agency, Apprenticeship Committee, or State or Local Government Agency That I Believe Discriminated Against Me or Others. (If more than two, list under PARTICULARS below.)

| Name | No. Employees, Members | Phone No. (Include Area Code) |
|---|---|---|
| HILLCREST FOODS, INC D/B/A WAFFLE HOUSE | 500 or More | (877) 892-3353 |

Street Address: 6631 E. Independence Blvd, Charlotte, NC 28212

DISCRIMINATION BASED ON (Check appropriate box(es).)

☒ RACE  ☐ COLOR  ☐ SEX  ☐ RELIGION  ☐ NATIONAL ORIGIN
☒ RETALIATION  ☐ AGE  ☐ DISABILITY  ☐ GENETIC INFORMATION
☐ OTHER (Specify)

DATE(S) DISCRIMINATION TOOK PLACE
Earliest: 07-22-2010     Latest: 07-22-2010

☐ CONTINUING ACTION

THE PARTICULARS ARE (If additional paper is needed, attach extra sheet(s)):

I. In March 1984, I was hired by the above employer as a sales person. On July 4, 2010, I was demoted. On July 15, 2010, I filed a charge with the EEOC against Hillcrest Foods, Inc., d/b/a Waffle House regarding discrimination. On July 22, 2010, I was discharged.

II. On July 22, 2010, my district manager, Keisha Carter, told me that I was discharged. No reason was given for my discharge.

III. I believe I have been discriminated against because of my race (White) in association with a person of another race (Black) in violation of Title VII of the Civil Rights Act of 1964, as amended, and retaliated against for filing a charge of discrimination with the EEOC, #430-2010-02545, in violation of Title VII.

I want this charge filed with both the EEOC and the State or local Agency, if any. I will advise the agencies if I change my address or phone number and I will cooperate fully with them in the processing of my charge in accordance with their procedures.

I declare under penalty of perjury that the above is true and correct.

Oct 21, 2010
Date

Charging Party Signature: Donna Babson

NOTARY – When necessary for State and Local Agency Requirements

I swear or affirm that I have read the above charge and that it is true to the best of my knowledge, information and belief.
SIGNATURE OF COMPLAINANT

SUBSCRIBED AND SWORN TO BEFORE ME THIS DATE
(month, day, year)

EEOC Form 161 (11/09)

# U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Donna L. Babson
204 S. Goforth St
Kings Mountain, NC 28086

From: Charlotte District Office
129 W. Trade Street
Suite 400
Charlotte, NC 28202

[ ] On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

EXHIBIT "2"

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 430-2011-00242 | Thil D. Hurley, Investigator | (704) 954-6445 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

Reuben Daniels, Jr.,
District Director

AUG 2 9 2011
(Date Mailed)

Enclosures(s)

cc: Ms. Shannon York
Area People Director
HILLCREST FOODS, INC
50 Satellite Blvd, Ste G
Suwanee, GA 30024

NORTH CAROLINA

IREDELL COUNTY

**DONNA L. BABSON,** BEING FIRST DULY SWORN DEPOSES AND SAYS:

That she is the Plaintiff in the foregoing action; that she has read the foregoing **COMPLAINT** and knows the contents thereof and the matters and things stated therein are true to the best of her knowledge, save and except those matters and things stated upon information and belief, and as to those, she believes them to be true.

This the 29 day of November, 2011.

*Donna L. Babson*
**DONNA L. BABSON, Affiant**

**SWORN TO AND SUBSCRIBED** before me this the 29th day of November, 2011.

**Notary Public:** *Debra S. McGregor*

**My Commission Expires:** 3/27/2016

Georgetown County, SC